UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

WILLIAM LAKE, LLC                                                      PLAINTIFF

V.                                                CIVIL ACTION NO. 3:26-CV-108-DPJ-ASH

STATE FARM FIRE AND CASUALTY
COMPANY, ET AL.                                                      DEFENDANTS

ORDER

This insurance-coverage dispute is before the Court on Plaintiff's Motion to Remand [6] and Defendants' Motion to Dismiss [3].  For the reasons explained below, the Court finds the in-state Defendants were improperly joined to defeat diversity jurisdiction.  The Court therefore denies Plaintiff's Motion to Remand and denies Defendants' Motion to Dismiss as moot.

I.      Facts and Procedural Background

Plaintiff William Lake, LLC (Lake) purchased an insurance policy from Defendants that purportedly covered property damage caused by windstorms and hail.  Compl. [1-1] ¶ 14.  On or about April 10, 2024, a storm caused "severe damage" to Lake's property.  *Id.* ¶ 13.  Lake notified Defendants and requested coverage from the insurance policy.  *Id.* ¶ 15.  Defendants "failed or refused to remit payment."  *Id.* ¶ 16.

On January 14, 2026, Lake sued Defendants in the Circuit Court of Hinds County, Mississippi, levying six state-law claims.  Defendant State Farm Fire and Casualty Company removed the case to this Court on February 16, 2026, asserting that nondiverse Defendants Preston Derivaux and Derivaux Insurance Agency, Inc. (Derivaux Insurance) are improperly joined.  *See* Notice [1].  Derivaux and Derivaux Insurance then moved to dismiss on February 23, 2026.  Defs.' Mot. [3].  Lake filed a motion to remand on February 26, 2026.  Pl.'s Mot. [6].

Lake did not file a response opposing the motion to dismiss and filed no reply supporting its motion to remand. The time to do so has passed.

II.    Motion to Remand [6]

    A.    Standard of Review

Defendants premise federal jurisdiction on 28 U.S.C. § 1332, under which the district court has jurisdiction over civil actions between "citizens of different States." 28 U.S.C. § 1332(a)(1). The statute requires complete diversity between all named plaintiffs and all named defendants. *E.g.*, *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 83–84 (2005). The fraudulent or improper joinder rule "is a narrow exception to the rule that diversity jurisdiction requires complete diversity." *Smallwood v. Ill. Cent. R.R. Co.*, 352 F.3d 220, 222 (5th Cir. 2003).

Improper joinder can be established in two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)). "The burden of demonstrating improper joinder is a heavy one and is placed on the party seeking removal." *Lorenz v. Tex. Workforce Comm'n*, 211 F. App'x 242, 245 (5th Cir. 2006) (citing *McDonal v. Abbott Lab'ys*, 408 F.3d 177, 183 (5th Cir. 2005)).

"In evaluating a claim of improper joinder, the 'appropriate test is whether there is any reasonable basis for predicting the plaintiff[] might be able to recover against . . . the in-state defendant.'" *Jones v. Gen. Motors Corp.*, No. 3:06-CV-608-DPJ-JCS, 2007 WL 1610478, at *1 (S.D. Miss. June 1, 2007) (quoting *Love v. Ford Motor Co.*, 212 F. App'x 292, 294 (5th Cir. 2006)). But "[a] 'mere theoretical possibility of recovery under local law' will not preclude a finding of improper joinder." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 n.9 (5th Cir.

2004) (en banc) (*Smallwood II*) (quoting *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000)).

To predict whether a plaintiff has a reasonable basis for recovery, a "court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.* at 573. When doing so, the Court applies Federal Rule of Civil Procedure 12(b)(6) and not state pleading standards. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016). "Any contested issues of fact and any ambiguities of state law must be resolved in [the plaintiff's] favor." *Travis*, 326 F.3d at 649.

Under Rule 12(b)(6), a plaintiff must have pleaded "sufficient factual matter . . . to state a claim to relief [against the nondiverse defendant] that is plausible on its face." *Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435, 439 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*, 556 U.S. at 678).

For this inquiry, "court[s] accept[] 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam)). But courts "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Thus, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019) (quoting *Papasan v. Allain*, 478 U.S. 265, 286

3

(1986)).  Ultimately, the standard "'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements."  *In re S. Scrap Material Co.*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

Finally, "there are cases, hopefully few in number, in which the plaintiff has stated a claim[] but has misstated or omitted discrete facts that would determine the propriety of joinder." *Smallwood II*, 385 F.3d at 573.  In such cases, the district court has the discretion to "pierce the pleadings and conduct a summary inquiry."  *Id.*  Here, Lake has not stated a claim, so piercing is inappropriate, and the Court otherwise declines to look beyond the pleadings.  *See Int'l Energy*, 818 F.3d at 207 ("Because . . . piercing the veil—is obviously inapplicable here, we *must* use the [12(b)(6) analysis].").

### B.      Analysis

Defendants say Lake's Complaint fails the Rule 12(b)(6) analysis applied to improper joinder for two reasons.  First, Lake "generically asserted" its claims and factual allegations against all Defendants without separately explaining what each supposedly did.  Defs.' Mem. [10] at 2.  Second, there are no facts alleged that would state any of the claims against the diversity-spoiling Defendants.  *See id.* at 5.

#### 1.      Collective Pleading

Defendants say the Complaint fails to state a claim against Derivaux and Derivaux Insurance because Lake collectively pleaded its case against all Defendants and offered no facts specific to the nondiverse Defendants.  *See id.* at 2.  Lake never responded to this argument, and the Court finds that it is well supported.

4

When a plaintiff employs language that "collectively implicates" a defendant rather than alleges "individual wrongdoing," courts have no factual basis to conclude that a defendant "directly, personally, or actively participated in any alleged [unlawful] conduct." *Cranston v. Mariner Healthcare Mgmt. Co.*, No. 3:03-CV-10-D-A, 2003 WL 21517999, at *3–4 (N.D. Miss. June 18, 2003). Thus, "a plaintiff cannot rely upon general, conclusory, and/or collective allegations against defendants in opposing a claim of improper joinder." *Donald v. Arrowood Indem. Co.*, No. 2:10-CV-227-KS-MTP, 2010 WL 4853290, at *7 (S.D. Miss. Nov. 23, 2010); *accord Rankin v. Shelter Ins.*, No. 5:18-CV-25-DCB-MTP, 2018 WL 4212412, at *2 (S.D. Miss. Sept. 4, 2018).

Here, the only time Lake references Defendants by name is in "The Parties" section of the Complaint. Compl. [1-1] ¶¶ 3–4; *see* Defs.' Mem. [10] at 2. After that, all factual allegations are collectively asserted against "Defendants," lumping them together without attributing specific conduct to any of them. *See, e.g.*, Compl. [1-1] ¶ 16 ("Defendants have failed or refused to remit payment."). Thus, Lake offers no factual allegations about Derivaux and Derivaux Insurance other than saying Derivaux Insurance is "a licensed insurance agency." *Id.* ¶ 3. Even in the counts, Lake never differentiates the conduct that warrants each Defendant's inclusion in that claim. *See, e.g.*, *id.* ¶ 43 ("Defendants breached their duty of good faith and fair dealing.").

Because the Complaint merely asserts "numerous, collective allegations of Defendants' wrongdoing," there is no reasonable basis to predict a valid claim against the nondiverse defendants. *Donald*, 2010 WL 4853290, at *7 (quotation marks omitted). The allegations against Derivaux and Derivaux Insurance are "plainly deficient." *Cranston*, 2003 WL 21517999, at *3.

2.      State-Law Claims

Collective pleading aside, Lake otherwise fails to state viable claims against Derivaux and Derivaux Insurance for each pleaded count. *See Jones*, 2007 WL 1610478, at *1.

***Contract-based claims.***  Three of the first four counts in Lake's Complaint assert claims based on the alleged breach of contract:  breach of contract (Count One), contractual breach of the implied covenant of good faith and fair dealing (Count Two), and bad faith (Count Four). *See* Compl. [1-1] ¶¶ 25–37, 46–50.

"Mississippi law is clear:  an agent of a disclosed principal is not a party to his principal's contract and cannot be liable for its breach." *Rogers v. Nationwide Prop. & Cas. Ins. Co.*, 433 F. Supp. 2d 772, 776 (S.D. Miss. 2006) (citing *Jabour v. Life Ins. Co. of N. Am.*, 362 F. Supp. 2d 736, 740–41 (S.D. Miss. 2005)).  "Similarly, it is clear that [an agent], as a non-party to the contract ha[s] no implied duty of good-faith and fair-dealing with regard to the performance of the contract and thus, cannot be liable under a bad-faith theory of recovery." *Jabour*, 362 F. Supp. 2d at 741 (citing *Bass v. Cal. Life Ins. Co.*, 581 So. 2d 1087, 1090 (Miss. 1991)); *see also Rogers*, 433 F. Supp. 2d at 776 (same).

Thus, to state these claims against Derivaux and Derivaux Insurance based on the alleged failure to pay the claim, Lake must plausibly show that those Defendants were parties to the contract. *See id.*  Yet nothing in the Complaint suggests that they were, and Lake failed to respond to this argument in Defendants' memorandum. *See* Defs.' Mem. [10] at 5–6.  Lake has not stated a plausible claim against Derivaux and Derivaux Insurance in Counts One, Two, and Four.

***Tortious breach of the implied covenant of good faith and fair dealing.***  In Count Three, Lake asserts a claim for tortious breach of the implied covenant of good faith and fair dealing.

*See* Compl. [1-1] at ¶¶ 38–45.  This claim's allegations closely track those under Lake's claim for contractual breach of the implied covenant of good faith and fair dealing.  *Compare id.*, *with id.* ¶¶ 32–37.  There is just one difference.  Under the tortious-breach claim, Lake also alleges, "As an insurer, agent, and/or broker, Defendants owed Plaintiff a fiduciary-like duty and there was a special element of reliance by Plaintiff."  *Id.* ¶ 42.

First off, this is just a legal conclusion; there are no supporting facts.  *See id.*  Such pleading fails to state a claim.  *See Walker*, 938 F.3d at 735.  Also, "[i]t is well established under Mississippi law that no fiduciary duty exists 'between an insurer and an insured, or *between the agent of the insurer and insured*.'"  *Hicks v. N. Am. Co. for Life & Health Ins.*, 47 So. 3d 181, 191 (Miss. Ct. App. 2010) (emphasis added) (quoting *Walden v. Am. Gen. Life*, 244 F. Supp. 2d 689, 693 (S.D. Miss. 2003)).  Here again, there is no valid claim against Derivaux and Derivaux Insurance.

***Deceptive and unfair trade practices.***  Count Five alleges deceptive and unfair trade practices under Mississippi Code section 75-24-5.  *See* Compl. [1-1] ¶¶ 51–55.  Section 75-24-5(2) lists prohibited trade practices, but Lake doesn't say which ones were violated.  At most, it alleges that "Defendants have engaged in unfair trade practices, including, but not limited to, Defendants' failure to properly settle Plaintiff's claims, and deceptively and unfairly representing to Plaintiff the nature, amount, and qualifications of or for insurance coverage."  *Id.* ¶ 52.  But there are no facts explaining what the nondiverse Defendants did that would violate the statute or what specifically was represented.  These conclusory allegations are insufficient.  *See Walker*, 938 F.3d at 735.[1]

---

[1] The Court also notes that Lake may not have standing for this claim.  Section 75-24-5(1) states: "Action may be brought under Section 75-24-5(1) only under the provisions of Section 75-24-9." Section 75-24-9 allows "the Attorney General" to seek relief but does not mention a private right

***Misrepresentation.***  Lastly, Lake alleges misrepresentation in Count Six.  *See* Compl. [1-1] ¶¶ 56–60.  Like the previous claims, Lake cannot establish the misrepresentation claim against Derivaux and Derivaux Insurance.

To begin, Lake has failed to plead any facts showing what the nondiverse Defendants misrepresented.  In the facts section of his Complaint, Lake faults "Defendants" for "mis-representing coverage and endorsements of the insurance contract."  *Id.* ¶ 21.  He doesn't say how.  In Count Six, he says "Defendants misrepresented and/or omitted" material facts about the insurance policy's coverage.  *Id.* ¶ 57.  Again, it does not say what was misrepresented or omitted.  These legal conclusions are not enough to state a claim.  *See Walker*, 938 F.3d at 735.

Also, in Mississippi, "an [insurance] agent cannot be held liable for misrepresentations that could be cured by reading the policy."  *Est. of Greenwood v. Montpelier US Ins. Co.*, 326 So. 3d 459, 464 (Miss. 2021).  And "insurance agents . . . [do not] have an affirmative duty to advise buyers regarding their coverage needs."  *Mladineo v. Schmidt*, 52 So. 3d 1154, 1163 (Miss. 2010).  Here, Lake failed to identify any misstatements or omissions that "would [not] have been disclosed by reading the policy."  *Id.* at 1162–63.  And it offered no response when Defendants asserted this argument.  *See* Defs.' Mem. [10] at 6 (citing *Est. of Greenwood*, 326 So. 3d at 464).  Lake has not established the misrepresentation claim against Derivaux and Derivaux Insurance.

---

of action.  *See Bishop Ins. Agency LLC v. Bishop Ins. Servs. PLLC*, No. 1:18-CV-350-HSO-JCG, 2020 WL 1861842, at *4 n.4 (S.D. Miss. Feb. 18, 2020) (discussing private actions under section 75-24-5).  Elsewhere, section 75-24-15(1) creates a private right of action for "any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by the seller, lessor, manufacturer or producer of a method, act or practice prohibited by Section 75-24-5."  But under Mississippi law, insurance policies are not considered goods or services.  *See Taylor v. S. Farm Bureau Cas. Co.*, 954 So. 2d 1045, 1049 (Miss. Ct. App. 2007) (holding that insurance policies are not goods and services under sections 75-24-5(g), (h)).

In sum, the Court finds no reasonable basis for predicting Lake may recover against Derivaux and Derivaux Insurance. *See Travis*, 326 F.3d at 647–48. Having met this demanding burden, Defendants have shown they were improperly joined. *See Lorenz*, 211 F. App'x at 245–46. The Court therefore denies Lake's motion to remand and finds that the Court now has jurisdiction under 28 U.S.C. § 1332 since Derivaux and Derivaux Insurance are no longer continued parties.

III.   Motion to Dismiss [3]

Before Lake moved to remand the case, Derivaux and Derivaux Insurance moved to dismiss the claims against them under Rule 12(b)(6). "When, as here, a court determines that a nondiverse party has been improperly joined to defeat diversity, that party *must* be dismissed without prejudice." *Int'l Energy*, 818 F.3d at 209. The Court therefore denies the motion as moot. *Id.* at 210 (denying defendant's motion to dismiss as moot when court determined defendant was improperly joined).

IV.   Conclusion

The Court has considered all arguments presented. Any argument not specifically addressed would not have affected the outcome. Because Derivaux and Derivaux Insurance were improperly joined as in-state Defendants to defeat diversity jurisdiction, the Court dismisses them from this case without prejudice and denies Lake's Motion to Remand [6]. Because Defendants have been dismissed, the Court denies their Motion to Dismiss [3] as moot.

**SO ORDERED AND ADJUDGED** this the 3rd day of August, 2026.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE